# FRANK NICHOLS, LIMITED, *v.* VERNON KAM.

## No. 2015.

ARGUED SEPTEMBER 16, 1931.          DECIDED SEPTEMBER 24, 1931.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is an action of assumpsit, plaintiff claiming in the first count the sum of $492.67, being the unpaid balance of the purchase price of an automobile which the plaintiff's assignor, the Universal Motor Company, agreed to sell to the defendant and which the defendant agreed to purchase. In the second count the plaintiff claims the sum of $75.28 for work and labor done and materials furnished, in repairs to said automobile, at the request of the defendant. After a trial without a jury the circuit judge found for the plaintiff in the sum of $47.12 under the second count and decided against the plaintiff in so far as the claim under the first count was concerned. The case comes to this court on one exception only and that is to the finding and ruling of the trial judge that the plaintiff's assignor had committed a breach of the terms

of the conditional sale agreement under which the parties had agreed to sell and to purchase respectively the truck in question, "in that it had, without authority of law, or authority under said agreement, withheld possession" of the truck "and accordingly was barred from recovery under said agreement."

The trial judge found *inter alia* that under the agreement of sale and purchase the plaintiff's assignor "promised to put the Ford truck in question in running order by repairing the brake and clutch, without charge," and further agreed, at the defendant's request, to repair the truck in certain other respects and to advance money for license plates and fees. He further found that *"after* this work was finished the defendant through his agent demanded possession of the truck and plaintiff's assignor refused to allow the truck to leave its premises, claiming that it had a right to hold this truck until the repairs, etc., made by it were paid for by the defendant." He held against the plaintiff on the first count on the ground that, the demand for possession having been made by the defendant at a time when none of the periodical installments named in the contract were due, the plaintiff's assignor committed a breach of the contract by refusing to deliver to the defendant possession of the truck.

Upon execution of the contract a partial payment of $413 was made. The contract specified a number of installments of $66 each, to be paid on certain dates named, the first of these to be paid on January 20, 1930. The contract provided as follows: "During the existence hereof and while the vendee is not in default in the payment of the purchase price or any installment thereof, the vendee may have the use and possession of the automobile subject hereto, qualified by and subject to the following restrictions." None of the restrictions named are material in the present case. The contract further

provided that "any and all equipment, repairs or accessories placed upon the automobile subject hereto during the continuance of this agreement shall become a component part thereof and title thereto shall immediately become vested in the vendor and be included under the terms hereof, and any indebtedness due the vendor therefor, or the amount or amounts paid by the vendor to others therefor, shall be added to the purchase price and shall become immediately due and payable with interest."

No exceptions have been taken by either party to any of the findings of fact made by the trial judge. One of those findings is in effect that equipment, repairs and accessories were placed upon the automobile to the value of $47.12, at the request of the defendant. Under the express terms of the contract that amount must be deemed to have been added to the purchase price and to have become immediately due and payable. The circuit judge has expressly found that this work was completed before the demand for possession was made by the defendant. Under the terms of the contract the defendant was not entitled to the possession while this part of the purchase price, to-wit, the $47.12, remained due and unpaid.

Upon these undisputed facts the plaintiff's assignor was, under the terms of the contract, entitled to withhold possession of the truck and committed no breach of the agreement by doing so.

The exception is sustained, the judgment is set aside and a new trial is granted.

*W. R. Ouderkirk* (also on the briefs) for plaintiff.

*C. B. Dwight* (also on the brief) for defendant.